IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., and UNITED RESEARCH LABORATORIES, INC., Plaintiffs, v. | : : : : CIVIL ACTION : NO. 12-0815 : |
| ERIC WARREN GOLDMAN, as personal representative of the Estate of Sanford M. Bolton, Defendant, and SPIRIDON SPIREAS, Ph.D., and HYGROSOL PHARMACEUTICAL CORP., Defendants/Third-Party Plaintiffs, | : : : : : : : |
| v. | : : |
| MUTUAL PHARMACEUTICAL COMPANY, INC., UNITED RESEARCH LABORATORIES, INC., RICHARD ROBERTS, M.D., Ph.D., PHARMACEUTICAL IP HOLDINGS, INC., PHARMACEUTICAL HOLDINGS COMPANY, INC., KING PHARMACEUTICALS, INC. and KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., Third-Party/Counterclaim Defendants. | : : : : : : : : : |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                          **July 3, 2012**

Before the Court is the Motion of Defendants/Third-Party Plaintiffs to Remand this action to the Court of Common Pleas of Philadelphia County. The Motion is opposed by the Third-Party/Counterclaim Defendants, who fall into two groups: (1) King Pharmaceuticals, Inc. and King Pharmaceuticals Research and Development, Inc. (the "King Defendants"); and (2) Mutual Pharmaceutical Company, Inc. ("Mutual"), United Research Laboratories, Inc., Richard Roberts, Pharmaceutical IP Holdings, Inc., and Pharmaceutical Holdings Company, Inc. (the "Mutual Defendants").

I.  **BACKGROUND**

On or about May 5, 2011, Mutual Pharmaceutical Company, Inc. and United Research Laboratories, Inc. (the "Original Plaintiffs") filed a complaint in the Philadelphia Court of Common Pleas against Dr. Spireas, Dr. Bolton, and Hygrosol Pharmaceutical Corp. ("Hygrosol") (collectively, the "Original Defendants"),[1] seeking a declaratory judgment and damages based on breach of contract, fraudulent misrepresentation and unjust enrichment related to a 1998 License Agreement regarding certain "liquisolid technology" patents.[2]  On or about January 6, 2012, Spireas and Hygrosol (the "Third-Party Plaintiffs") filed an answer and asserted counterclaims for breach of the License Agreement, disclosure of confidential information, conversion, and fraud, alleging that the Original Plaintiffs failed to pay a percentage of the profits owed under the License Agreement for Mutual's use of products developed using Original Defendants' patents and technology, including formulations for metaxalone products sub-licensed by Mutual to the King Defendants.[3]

Spireas and Hygrosol also filed a "third-party complaint" against the Mutual and King Defendants asserting, *inter alia*, state claims for restraint of trade under Pennsylvania and California law, civil conspiracy, fraud and breach of contract, and federal claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") related to the Third-Party

---

[1] Doc. No. 9-2 (Compl., Phila. CCP No. 110500741).

[2] Doc. No. 9-2, Ex. 1 (1998 License Agreement).  Specifically, Original Plaintiffs allege that Original Defendants did not own the patents and technologies covered by the License Agreement and fraudulently induced Original Plaintiffs to enter the License Agreement. Doc. No. 9-2 ¶¶ 21-28, 31-36.  Original Plaintiffs therefore seek a declaration that Original Defendants have no right or title to the patents and technologies, and Original Plaintiffs need make no further payments under the Agreement.  Id. ¶¶ 50-55.

[3] Doc. No. 9-3 (Answer, New Matter, Counterclaims & 3d Party Claims, Phila. CCP No. 110500741).

Defendants' use of all metaxalone products developed by Dr. Spireas.[4] Third-Party Plaintiffs allege that Third-Party Defendants' agreements and illegal actions relate to both (a) formulations for at least two "more bioavailable metaxalone-based muscle relaxant drug" formulations developed pursuant to the 1998 License Agreement, and (b) two generic formulations for the King Defendants' branded metaxalone-based product *Skelaxin* (one which could be developed under the 1998 License Agreement with Hygrosol, and one which was subject to a 1999 Development Agreement between certain Mutual Defendants and SigmaPharm, Inc., Dr. Spireas's wholly owned company).[5]

All Third-Party/Counterclaim Defendants removed the action to this Court based on federal-question jurisdiction over the RICO claims in the Third-Party Complaint,[6] and Third-Party Plaintiffs seek to remand.[7]

## II.   DISCUSSION

The Court of Appeals for the Third Circuit has not ruled directly on whether a third-party defendant may properly remove an action under 28 U.S.C. § 1441.[8]  However, it has been the

---

[4] Doc. No. 9-4 (3d Party Compl., Phila. CCP No. 110500741).

[5] Doc. No. 9-4 ¶¶ 82-90, 96, 100-102 & Ex. C (1999 Development Agreement).  Third-Party Plaintiffs allege that, in 2005, the Mutual Defendants licensed to the King Defendants all of the metaxalone-related formulations and products developed by Dr. Spireas for the purpose of preventing competitors from entering the market with a generic form of *Skelaxin* or a more bioavailable metaxalone-based muscle relaxant. Id. at ¶¶ 100-102 & Ex. D (the "Metaxalone Agreement").  They allege that the Metaxalone Agreement not only concealed the Third-Party Defendants' illegal anticompetitive conduct, but also concealed the fact that Mutual was not honoring its obligations under the License and Development Agreements to pay Third-Party Plaintiffs royalties for the use of their products. Id. at ¶¶ 128-135.

[6] Doc. No. 1.

[7] Doc. No. 9.

[8] See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003) (stating that the Third Circuit has not yet decided whether a third party defendant may properly remove separate and

view of the majority of federal courts that neither counterclaim defendants nor third-party defendants may remove a civil action from state court to federal court pursuant to § 1441, because such parties are not "defendants" within the meaning of § 1441(a), which states in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[9]

In so holding, these courts have followed the "long-accepted practice of deferring to the Plaintiff's choice of forum by treating the Plaintiff as master of his own complaint,"[10] as well as the principle that "removal statutes are to be strictly construed against removal and all doubts . . . resolved in favor of remand."[11]  Some courts have also concluded that the accepted meaning of

---

independent claims under § 1441(c) and noting that courts disagree on this question); Cook v. Wikler, 320 F.3d 431, 436 n.6 (3d Cir. 2003) (declining, on jurisdictional grounds, to reach the question whether third party defendants may remove).  Because orders remanding a case to state court are rarely reviewable on appeal, appellate courts have had little opportunity to address these issues.  See Cook, 320 F.3d at 434 (explaining that 28 U.S.C. "§ 1447(d) prohibits review of remand orders issued pursuant to § 1447(c), whether erroneous or not . . . ."); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461 (6th Cir. 2002) ("a rare occasion for an appellate decision on third-party removal under 28 U.S.C. § 1441").  Consequently, the law in this area remains unsettled.

[9] See, e.g., Foster v. City of Phila., 826 F. Supp. 2d 778, 780-81, 780 n.4 (E.D. Pa. 2011) (citing cases and leading treatises on civil procedure that strictly construe the removal statutes to deny third party defendants the right to remove, including First Nat'l Bank of Pulaski, 301 F.3d at 461-66; Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991); Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir. 1984); Gola v. City of Phila., No. 09-5037, 2011 WL 2313147, at *3 (E.D. Pa. June 13, 2011); 16 Moore's Federal Practice § 107.11(1)(b)(iv) at 107-31 (Matthew Bender 3d ed. 2000); and 14C Charles Alan Wright et al., Federal Practice and Procedure § 3731 (3d ed. 1998)).

[10] Foster, 826 F. Supp. 2d at 781 (citing Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000)).

[11] Id. at 782 (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)) (internal quotation marks omitted).  But see, e.g., Cook, 320 F.3d at 436 n.6 (cautioning that other courts dispute this interpretation of §1441); Patient Care, Inc. v. Freeman, 755 F. Supp. 644, 648-50 (D.N.J. 1991) (noting that "there is a substantial, . . . persuasive, counterattack by a significant minority of courts which have found removal permissible[,]" and concluding that a third party defendant may remove a claim to federal court, "so long as that claim is 'separate and independent' from the main cause of action").

the term "joined" does not authorize removal by a third-party defendant pursuant to § 1441(c), because a third-party claim is typically "antagonistic to" rather than "joined with" a plaintiff's original claims.[12] The Court finds the majority view persuasive in this case, especially as the third-party claims appear to be intertwined with the original cause of action.[13]

Third-Party Defendants argue that amendments to 28 U.S.C. § 1441(c) effective January 6, 2012 allow the removal by any party of any action containing federal claims. The Court does not agree. The prior language of § 1441(c) read:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

As amended, the subsection reads:

> (c) Joinder of Federal law claims and State law claims.–
> (1) If a civil action includes –
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

---

[12] See Gola, 2011 WL 2313147, at *3; see also First Nat'l Bank of Pulaski, 301 F.3d at 464-65 ("Although the use of the term 'joined' does not on its own foreclose an alternative interpretation, the Federal Rules of Civil Procedure consistently use the term to refer to claims or pleadings that one party adds to claims or pleadings that the party has already made. . . . Given the language of the statute and the rule that removal statutes are to be construed narrowly, . . . 'joined,' as used in § 1441(c), should be interpreted . . . narrowly to apply only to claims joined by the plaintiff in the original state court action.").

[13] Third-Party plaintiffs have pled that Third-Party Defendants' actions relate to metaxalone products developed and licensed under both the 1999 Development Agreement *and* the 1998 License Agreement which is the subject of the Original Complaint. As pled, therefore, a determination as to the validity of the License Agreement or a declaration as to Original Defendants' title to the subject patents and technologies could very well affect Third-Party Plaintiffs' standing to assert claims in the Third-Party Complaint and their ability to plead predicate acts of mail and wire fraud.

The revised language of §1441(c) does not materially alter a third-party defendant's ability to remove under the statute.  Contrary to Third-Party Defendants' argument that "the new language makes plain that *any* case containing a claim arising under federal law may be removed,"[14] the amendment instead clarifies that subsection (c) allows removal of an action containing nonremovable state claims only *if the action would be removable* in the absence of the nonremovable claim.  The Court can see no reason for the inclusion of this limiting language if any and all actions containing federal claims are removable.

Furthermore, despite the long-running debate among the federal courts as to whether third-party defendants may properly remove under § 1441(c), the language of subsection 1441(a) remains unchanged.  Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of "the defendant or the defendants," or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants.  It did not.

The Court finds additional support for its conclusion in recent appellate decisions addressing similar arguments in the context of the 2005 Class Action Fairness Act, which confers federal jurisdiction over certain class actions.  Some third-party defendants have attempted to remove state court class actions to federal court pursuant to 28 U.S.C. § 1453(b), which provides that a qualifying class action "may be removed by *any* defendant without the consent of all defendants."[15]  However, "the majority of the courts that have considered the issue have . . . conclude[d,] that the language of section 1453(b) does not change the prior rule that counterclaim

---

[14] Opp. to Mot. to Remand at 7 (emphasis in original).

[15] 28 U.S.C. § 1453(b) (emphasis added).

or third-party defendants do not have the right of removal."[16]  Although the Third Circuit has not ruled on this question, this Court finds the reasoning of the Sixth, Ninth, Seventh and Fourth Circuits instructive in reaching a similar conclusion that recent amendments to § 1441(c) have not expanded the right of removal to third-party defendants.

### III.  CONCLUSION

For the reasons stated above, Defendants/Third-Party Plaintiffs' Motion to Remand this action to the Court of Common Pleas of Philadelphia County shall be granted.  An appropriate order follows.

---

[16] In re Mortg. Elec. Registration Sys., Inc., 680 F.3d 849, 854 (6th Cir. 2012); see also Westwood Apex v. Contreras, 644 F.3d 799, 805-807 (9th Cir. 2011) (holding that "§ 1453(b) did not overwrite the accepted meaning of 'defendant'" or modify the "original defendant" rule established by Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)); First Bank v. DJL Props., LLC, 598 F.3d 915, 917-18 (7th Cir. 2010) (holding that "defendant" in §1453(b) has the same meaning it does elsewhere in the removal statutes and does not include counterclaim defendants); Palisades Collections LLC v. Shorts, 552 F.3d 327, 332-36 (4th Cir. 2008).